THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE ULSTER AND DELAWARE RAILROAD COMPANY, Appellant.

*Supreme Court, Third Department, General Term, December* 11, 1889.

*Pleadings. Supplemental answer.*—In an action to forfeit the charter of a railroad corporation, the defendant will be permitted to set up, by supplemental answer, a law passed after the issue was joined, and the proceedings of the commissioners under it, by which, it is claimed, the forfeiture has been waived.

Appeal from order of special term denying defendant's motion for leave to file a supplemental answer setting up the passage of the act of May 6, 1889, and the proceedings of the railroad commissioners in conformity thereto.

*J. E. Burrill,* for appellant.

*Edwin Countryman,* for respondent.

LEARNED, P. J.—It is not necessary or desirable, on the appeal from this order, to decide whether or not the proposed supplemental answer is a valid defense. The facts to be set up are undisputed. The question whether the people can continue this litigation after the passage of the act on which defendants rely and after the action of the railroad commission, under the same, is so important that we should not be justified in preventing the defendant from availing itself of this defense, if it be a defense.

The plaintiffs claim that the act does not apply to past transactions, and that if, in terms, it seems so to apply, yet to make it so apply would be unconstitutional. But when we consider that the plaintiffs are the people, and that they are endeavoring to enforce a forfeiture, we are not prepared to hold that it is unconstitutional for the people to relinquish a right of forfeiture, or that they cannot delegate to a commission the power of deciding whether such right of forfeiture should not be relinquished. What rights on actual or implied contract the town of Harperfield may have against the defendant, as successor to other railroads, cannot, we suppose, be passed upon in this action. We are here dealing solely with the right of the people to forfeit defendant's corporate privileges.

The order is reversed with ten dollars costs of appeal and printing disbursements, and the motion is granted on the payment of ten dollars costs of motion and plaintiffs' taxable costs up to the time of making the motion at special term.

The costs of appeal and printing disbursements to be set off, to their extent, against the costs to be paid by defendants.

LANDON, and FISH, JJ., concur.

---

NOTE ON "SUPPLEMENTAL ANSWER."

Matter in defense, arising after the answer, must be set up by supplemental answer. Ferris *v.* Tannebaum, 39 N. Y. St. Rep. 74.

A supplemental answer containing a counterclaim, not existing at the commencement of the action, cannot be interposed. Corrigan *v.* Ritter, 39 N. Y. St. Rep. 311.

Note on "Supplemental Answer."

An unsubstantial defense cannot be set up by supplemental answer. Avery *v.* Starbuck, 56 Super. 465.

Leave to plead an unavailable defense, by way of a supplemental answer, should be denied. Barrowcliffe *v.* Cummins, 53 Hun, 636.

Leave to serve a supplemental answer will be denied, if its allowance will work injustice. Hasbrouck *v.* Disbrow, 52 Hun, 614.

As to when a supplemental answer setting up a judgment in bar will not be allowed. Schmohl *v.* Fusco, 37 N. Y. St. Rep. 687.

A foreign judgment rendered after action brought here, must be set up by supplemental answer, to be available. Reed *v.* Chilson, 61 Hun, 623.

Leave to serve a supplemental answer setting up the defense of justification, in an action for libel, should be granted. Tallmadge *v.* Press. Pub. Co., 57 Hun, 590.

An application to serve a supplemental answer by executors, who had been sustituted as defendants, was denied, where there had been gross laches on the part of their testator with full knowledge of the facts sought to be set up, or opportunity on his part to acquire such knowledge, and where the remaining matters sought to be set up had been adversely adjudicated in former proceedings. Palen *v.* Bushnell, 18 Civ. Pro. 56. The defendant, in an action to forfeit the charter of a railroad company, was permitted to set up by supplemental answer an act of the legislature passed after issue joined, and the railroad commissioners' proceedings in conformity thereto. People *v.* Ulster & D. R. R. Co., 54 Hun, 639.

The defendant is entitled to leave to put in a supplemental answer setting up an adjudication subsequent to the action, where it is not shown that the object of the application is to obtain delay, or that it is not otherwise made in good faith, and the proposed pleading is not manifestly frivolous. Williams *v.* Hays, 17 Civ. Pro. 97.

Where the matters contained in a complaint were pleaded as a counterclaim in a subsequent suit by defendant, in which judgment by default was entered against the plaintiff, leave to plead such judgment in bar will not be granted, when it appears that the default was by mutual agreement, and that the apparent adjudication against the present claim was overlooked. Hasbrouck *v.* Disbrow, 52 Hun, 614.

An order, which permits the service of a supplemental answer setting up proceedings, instituted by the defendant since the commencement of the action, which was based upon the defendant's prior neglect to act, was held, in Vanderbeck *v.* City of Rochester, 46 Hun, 87, to be a proper exercise of discretion. So, an order which permits a defendant, in an action to set aside and annul an assignment, to set up by supplemental answer the fact of a reassignment of the property since the original answer, was held to be proper. Gas Works Con. Co. *v.* Standard G. L. Co., 47 Hun, 255.

A supplemental pleading cannot be used as a vehicle for the importation into the case of allegations inadvertently omitted in the preparation of the original. Pierson *v.* Kronk, 47 Hun, 634.